KITCHEN, Respondent, v. KAVENEY, Appellant.

(145 N. W. 543.)

1. **Brokers—Commission Contract—Ordinary Commission—Evidence —Immateriality.**

In a suit upon an express contract for one-half of the proceeds, or commission, on a sale of realty, evidence as to what was the ordinary commission on such sales at the time, is immaterial.

2. **Evidence—Documentary Evidence—Foundation—Signature.**

Testimony that witness knew defendant's signature, was equivalent to a statement that he knew defendant's handwriting, and a letter, shown to witness, who testified that he knew defendant's signature and that the signature to the letter was that of defendant, was properly admitted in evidence, as against objection that no foundation was laid.

3. **Appeal—Review—Sufficiency of Evidence—Defective Record.**

Where grounds of motion for new trial do not appear in the record, and it affirmatively appears that the whole of the evidence was not brought up, the sufficiency of evidence to sustain findings will not be considered.

(Opinion filed February 14, 1914.)

Appeal from Circuit Court, Miner County. Hon. ALVA E. TAYLOR, Judge.

Action by J. W. Kitchen against W. F. Kaveney, to recover a commission upon a sale of realty. From a judgment for plaintiff, and from an order denying a new trial, defendant appeals. Affirmed.

*Null & Royhl,* for Appellant.

The letter Ex. "C," was improperly admitted in evidence. It was immaterial, and no proper foundation laid. State v. Hall, 14 S. D. 167; 1 Whart. Ev. 701; 3 Rice, Ev. 72; Sweeney v. Gas Co., 130 Pa. St 193, 18 Atl. 612; Woodford v. McClenahan, 9 Ill. 89; Railroad Co. v. Hickman, 28 Pa. St. 318; Gartell v. Stafford (Neb.) 11 N. W. 732; Whart. Cr. Ev. (9th Ed.) 550-563, inclusive.

The only testimony as to the amount of commission to be received from the owner was $1.00. The land being listed by defendant at $60.00 per acre and $1.00 commission.

*A. W. Wilmarth,* for Respondent.

The sufficiency of the evidence to sustain a verdict or findings can not be raised without an assignment of error to an

order overruling a motion for new trial.. Barnard and Leas Mann Co. v. Galloway, et al, 5 S. D., p. 212; Pierce v. Manning, 2 S. D., at 520; Jones Lumber and Mer. Co. v. Faris, 5 S. D., at 349; Roberts v. Ruh, 22 S. D. 113.

The appellant has printed only a part of the evidence in this case and that part of the evidence set out in the bill of exceptions relates only to findings which the appellant requested the trial court to make and does not set out any of the evidence contradictory thereof. Whitney v. Akin, 125 N. W. 470 (N. D.)

Where there is not a proper bill of exceptions or assignments of error, the appellate court will presume that the facts found fully justify the conclusions of law and judgment. Clark v. Mitchell, 17 S. D. 430.

Evidence as to what was the ordinary commission on sale of land was immaterial, for the reason that the suit is brought for commissions upon an express contract between the plaintiff and defendant on the sale of. this land.

McCOY, J. [1] Plaintiff brought suit to recover one-half of the proceeds, or commission, on sale of land, alleging an express contract whereby defendant agreed to divide the proceeds of certain sales with plaintiff. There was judgment for plaintiff, and defendant appeals. On cross-examination plaintiff was asked: "What was the ordinary real estate man's commission on the sale of land at that time?" "Objected to as immaterial and objection sustained, and exception taken. Appellant urges this ruling as error. In view of the fact that plaintiff was seeking to recover on an express contract, denied by defendant, the question was immaterial, and the ruling correct.

[2] Defendant objected to the introduction in evidence of a letter on the ground that no foundation had been laid. Plaintiff testified that he knew the signature thereto and that it was the signature of defendant. Appellant contends that the foundation evidence was insufficient in that there was no showing that the handwriting was that of defendant, or that plaintiff did not testify that he was acquainted with the handwriting of defendant. When plaintiff testified that he knew the signature, that was equivalent to saying that he knew the handwriting

of defendant. We are of the opinion that the letter was properly admitted.

[3] Nothing appearing in the record upon what ground the motion for a new trial was based, and it further affirmatively appearing that the whole of the evidence is not before this court, the sufficiency of the evidence to sustain the findings will not be considered.

Appellant also contends that the judgment is not sustained by the findings, but we are of the opinion that the findings are sufficient.

No error appearing in the record, the judgment appealed from is affirmed.